# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

NORMAN ADAMS                                                                                              PLAINTIFF
ADC #136063

v.                                           4:16CV00854-BSM-JJV

GRIMES, Captain, White
County Detention Center; *et al*.                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I. BACKGROUND

Norman Adams ("Plaintiff") is incarcerated at the White County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff alleges Defendants Grimes, Montgomery, Crenshaw[1], and Williams violated his First Amendment right to religious freedom. (*Id*. at 4.) Plaintiff states:

> On Nov. 1, 2016 we were again stripped of our religious beliefs. In need of spiritual healing from being in lock down for 23 hours out of each day. Mr. Jeff Montgomery, Lt. Williams, Dep. Crenshaw, and Captain Grimes. [*sic*] denied us church and prayer service as a form of punishment for other inmates (not even us) (Josh Haynes and Norman Adams). [*sic*] being on the kiosk machine. [*sic*] because they knew this would hurt us." (*Id*.)

---

[1] Plaintiff initially identified this Defendant as "Crank Shaw," (Doc. No. 1 at 2), but it appears the correct spelling is "Crenshaw." (*Id.* at 4.) The Clerk shall amend the docket sheet to reflect the correct spelling.

After careful review of the Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

**III. ANALYSIS**

As an initial point, the claims against Defendant Baldwin only apply to Josh Haynes. Moreover, on the face of Plaintiff's Complaint, Mr. Adams's claims reveal prison officials placed Plaintiff and others in administrative segregation based on misconduct. Plaintiff states he was placed in "lock down" based on other inmates misconduct over the telephone and kiosk machine. (Doc. No. 1 at 4.) The exercise of freedom of religion may be restricted by the reasonable requirements of prison security. *Otey v. Best*, 680 F.2d 1231, 1234 (8th Cir.1982). And prison officials are given a wide range of discretion in dealing with security matters in the prisons. *Rogers v. Scurr*, 676 F.2d 1211, 1216 (8th Cir.1982). Therefore, on the face of Plaintiff's Complaint, I find no constitutional violation.

I note that Plaintiff has pled little facts in support of his Complaint. And by Plaintiff's own words, it does not appear prison officials violated his First Amendment rights. Nevertheless, if Plaintiff believes the jailer's response was exaggerated or otherwise in violation of his constitutional rights, he should provide that information in his objections to this recommended disposition.

**IV. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C.

§ 1915(g).[2]

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

4.  The Clerk of the Court amend the docket to reflect the correct spelling for Defendant Crenshaw.

Dated this 13th day of December, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."